### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NIKITA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-05-562-F |
| | ) |
| SOUTH COUNCIL SONIC, INC. and | ) |
| CHRIS ROBINSON, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the court is plaintiff, Nikita Williams' Motion to Set Aside Administrative Closing Order, filed February 10, 2006 (doc. no. 25), and Motion for Default Judgment, filed February 10, 2006 (doc. no. 28).

This action was commenced with the filing of a complaint by Dionne King, as parent and next friend of N.K., a minor child, on May 19, 2005 (doc. no. 1). The complaint alleged federal and state law claims against defendant, South Council Sonic, Inc., and a state law claim against defendant, Chris Robinson. Defendant, South Council Sonic, Inc., entered an appearance through counsel and filed an answer to the complaint on June 13, 2005. Defendant, Chris Robinson, was purportedly served with the complaint and summons, but did not enter an appearance or answer the complaint. On October 12, 2005, with leave of court, an amended complaint was filed substituting Nikita Williams as the plaintiff in this case (doc. no. 19). The amended complaint alleged the same claims against defendants, South Council Sonic, Inc. and Chris Robinson. Defendant, South Council Sonic, Inc., answered the amended complaint on October 14, 2005. The certificate of service does not reflect that the amended complaint was served on defendant, Chris Robinson.

On February 8, 2006, a mediation was conducted and plaintiff's claims against defendant, South Council Sonic, Inc., were settled. Defendant, Chris Robinson, did not participate in the mediation. The next day, February 9, 2006, court staff contacted plaintiff's counsel as to the outcome of the mediation. During the phone call, plaintiff's counsel advised court staff that the case had been settled and that the case should be administratively closed. An administrative closing order was entered that same day. On February 15, 2006, a stipulation of dismissal was filed dismissing with prejudice plaintiff's claims against defendant, South Council Sonic, Inc.

Plaintiff requests the court to set aside the administrative closing order in light of the fact that the state law claim against defendant, Chris Robinson, has not been adjudicated or resolved. With the pending claim, the court agrees that administrative closing order should be set aside. The court will grant plaintiff's request and vacate that order.

Plaintiff also requests that an entry of default and a default judgment be entered against defendant, Chris Robinson, for failure to appear or answer in this action. However, upon due consideration, the court declines to grant plaintiff's request.

With the dismissal of all claims against defendant, South Council Sonic, Inc., the only remaining claim is a state law claim against defendant, Chris Robinson, for civil assault. *See*, Complaint, Count II; Amended Complaint, Count II. Plaintiff invoked the court's supplemental jurisdiction as to that claim. *See*, Complaint, ¶ 3; Amended Complaint, ¶ 3. Although Section 1367(a) of title 28 of the United States Code authorizes district courts to exercise supplemental jurisdiction over state law claims, this does not mean that district courts must exercise jurisdiction in every case. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997). Supplemental jurisdiction is "'a doctrine of discretion, not of plaintiff's right. . . .'" *Id*. (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Section 1367(c) of title

28 of the United States Code specifically provides that district courts may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, in light of the dismissal of all federal law claims, the court must determine whether to exercise supplemental jurisdiction over the remaining state law civil assault claim. Judicial economy, fairness, convenience and comity are all considerations that are to guide a district court's decision whether to defer to a state court rather than retaining and disposing of a state law claim. Gibbs, 383 U.S. at 726-27. However, the Tenth Circuit has held that when the federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Com'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

In light of the dismissal of the federal law claims prior to any trial in this matter and finding no consideration requiring the court to retain and dispose of plaintiff's state law claim, the court, in its discretion and pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over plaintiff's state law civil assault claim against defendant, Chris Robinson. *See*, Pierce v. Gilchrist, 2006 WL 308271 (10th Cir. February 10, 2006) (affirming district court's decision to decline exercise of supplemental jurisdiction upon voluntary dismissal of federal claims prior to trial).[1] The court shall dismiss that the claim without prejudice.

Accordingly, Plaintiff, Nikita Williams' Motion to Set Aside Administrative Closing Order, filed February 10, 2006 (doc. no. 25), is **GRANTED**. The

---

[1] Unpublished decision cited as persuasive pursuant to 10th Cir. R. 36.3.

Administrative Closing Order entered on February 9, 2006 (doc. no. 23), is **VACATED**.

Plaintiff's Nikita Williams' Motion for Default Judgment, filed February 10, 2006 (doc. no. 28), is **DENIED**. With the settlement and dismissal of all claims against defendant, South Council Sonic, Inc., the court, pursuant to 28 U.S.C. §1367(c)(3), declines to exercise supplemental jurisdiction over plaintiff's remaining state law civil assault claim against defendant, Chris Robinson, and that remaining state law civil assault claim is **DISMISSED WITHOUT PREJUDICE**.

Dated this 17th day of February, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0562p007.wpd